Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>HOLLY MATSON,<br><br>        Defendant. | Case No. 3:05-cr-100-RRB-JDR<br><br>HOLLY MATSON'S REQUEST<br>FOR VOIR DIRE |

Holly Matson requests voir dire of prospective jurors concerning their eligibility to serve at her trial.  Fed. R. Crim. P. 24(a); Sixth Amendment, Right to a Fair and Impartial Jury of Peers.  In addition, Ms. Matson wishes to inquire of the juror's background and experiences sufficiently to intelligently exercise her allotted peremptory challenges.

To achieve these ends, Ms. Matson requests that she be allowed through her attorney to pose questions to the prospective jurors.  In the alternative, Ms. Matson requests that the court question the prospective panel.

The topics of inquiry for the panel are set forth as follows.

### A. Burden of proof/presumption of innocence.

1. The indictment in this case is only an accusation; it is merely the manner by which an accusation is brought to court and is not evidence and can have no weight in your minds as evidence. Is there any juror who does not understand or who is unable to accept this principle?

2. Do you understand that there has been no prior determination of guilt or innocence in this case and that this trial is the first opportunity Ms. Matson will have had to have the facts heard and weighed?

3. Does anyone think that it is fair to assume that because a person has been charged with a criminal offense that they are most likely guilty of that offense?

4. You have probably heard the phrase "proof beyond a reasonable doubt" in connection with criminal cases. Do you think that it is fair or unfair to require the government to prove its cases beyond a reasonable doubt? Why?

5. The law requires various levels of proof depending on the importance of the issue to be decided. For instance, the plaintiff in a civil case must convince you by a preponderance of the evidence, i.e., more likely than not, that his or her claims are true. In a criminal case, because personal freedom is at stake, the law sets a much higher burden of proof. In a criminal case, the plaintiff must convince you beyond and to the exclusion of all reasonable doubt that each and every element of the crime charged is true before you can return a verdict of guilty. Do you understand the distinction? Do you agree or disagree with the distinction?

6. Do you understand that a reasonable doubt can arise not only from the evidence produced, but also from a lack of evidence?

7. The law presumes that Ms. Matson is innocent of the charges the government has levied against her. The presumption of innocence alone is enough to acquit. Is there any among you that will not or cannot follow that instruction?

8. Are you open to the possibility that an innocent person can be accused of a crime?

9. Are you aware of circumstances where an innocent person has been accused of a crime?

10. Do you believe that police and prosecutors, acting in good faith, can mistakenly accuse someone of something they did not do?

11. Do you understand that the accused in a criminal case does not have to produce any evidence in a criminal case?

12. Under our legal system, the accused does not have to testify at his or her trial. At the end of the case, I will instruct you that if Ms. Matson does not testify, you are not to consider that fact in evaluating the evidence. Is there anyone who would find this instruction troublesome or difficult to follow?

**B.     *Juror personal background questions*.**

13. Does any member of the panel work for law enforcement? Please explain.

14. Does any member of the panel have a background in law enforcement? Please explain.

15. Does any member of the panel have close friends or relatives working in law enforcement? Please explain the relationship. Would it embarrass you if your close friend or relative learned that you served as a juror in a criminal case and that you returned a not guilty verdict?

16. Does any member of the panel now, or in the past has any member of the panel worked for the United States Postal Service? Please explain what position you had and what your duties were. Did your duties relate in any way to the issuance of postal money orders? Please explain what your duties were.

17. Does any member of the panel have any friends or relatives who worked for the United States Postal Service? What was the nature of their work?

18. Has any member of the panel had training or experience related to postal money orders? Please elaborate on your training and experience.

19. Does any member of the panel have any employment or volunteer experience handling and accounting for money on a daily basis?

20. Does any member of the panel have any employment or volunteer experience that included bookkeeping or accounting related activities?

21. Does any member of the panel, now or in the past, have employment experience for the federal or state government?

22. Does any member of the panel have a spouse or a close family member who works for the federal or state government now or within the past ten years?

23. Has any member of the panel, as an adult, ever lived in a town that had fewer than 200 year round inhabitants?

24. Has any member of the panel, as an adult, ever lived in a town that did not have a bank?

25. Please describe your educational and vocational training.

**C.    *Pretrial knowledge of case.***

26. Have any of you heard about this case?

    a. Who did you hear this information from?

    b. Do you remember what you heard?

    c. When did you hear the information that you mentioned?

    d. Would this information that you heard influence how you consider the evidence in this case?

**D.    *Exposure to crime related issues or organizations.***

27. Has anyone in the panel been the victim of any crime within the past ten years? This applies either at home or at work. If so, please explain.

28. Has anyone close to you, friend or relative, been the victim of a crime within the past ten years?

29. Has anyone been a member, or volunteer for, any organization that focuses upon crime-related issues or brings you into regular contact with law enforcement?

### *E.     Government witness credibility issues.*

30.     Would you tend to believe a government agent or undercover police officer more readily than other witnesses who may testify?

31.     Do you believe that a government agent is less biased or more accurate than other witnesses who may testify?

32.     Do you understand that the testimony of a government agent is not entitled to any greater weight than the testimony of any other witness merely because he or she is an agent of the government?

33.     Are you open to the possibility that government witnesses acting in good faith might be mistaken?

Dated at Anchorage, Alaska this 1st day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on May 1, 2006, a copy of the
foregoing document was served electronically on:

Retta-Rae Randall, Esq.

/s/ Michael D. Dieni

6