Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLY MATSON,<br><br>Defendant. | Case No. 3:05-cr-0100-RRB<br><br>HOLLY MATSON'S PROPOSED JURY INSTRUCTIONS |

Holly Matson proposes the following jury instructions for use at trial. Ms. Matson's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and O'Malley, Grenig, & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (2000 ed.), and are set out in abbreviated form below.

Ms. Matson proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

## PRELIMINARY INSTRUCTIONS

1.1 Duty of Jury

1.2 The Charge – Presumption of Innocence

1.3 What is Evidence

1.4 What is Not Evidence

1.5 Evidence Admitted for Limited Purpose

1.7 Rulings on Objections

1.8 Credibility of Witnesses

1.9 Conduct of the Jury

1.11 Taking Notes

1.12 Outline of Trial

## INSTRUCTIONS DURING TRIAL

2.1 Cautionary Instruction – First Recess

2.2 Bench Conferences and Recesses

## INSTRUCTIONS AT END OF CASE

3.0 Cover Sheet

3.1 Duty of Jury to Find Facts and Follow Law

3.2. Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

3.6 What is Evidence

3.7 What is Not Evidence

3.9 Credibility of Witnesses

3.11 Activities Not Charged

3.12 Separate Consideration of Multiple Counts – Single Defendant

3.15 Lesser Included Offense

**CONSIDERATION OF PARTICULAR EVIDENCE**

4.1 Statements by Defendant

4.4 Character of Defendant

4.17 Opinion Evidence

**JURY DELIBERATIONS**

7.1 Duty to Deliberate

7.2 Consideration of Evidence

7.3 Use of Notes

7.6 Communication with Court

Ms. Matson requests the following instructions from Volume IA of O'Malley, Grenig, & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (2000 ed.):

12.10 Presumption of Innocence, Burden of Proof, and Reasonable Doubt

In addition, Ms. Matson proposes the following additional instructions, attached hereto, and reserves the right to submit additional proposed instructions as warranted at the close of all evidence. The proposed additional instructions include an instruction that Ms. Matson suggests should be included in the preliminary instructions to the jury.

Dated at Anchorage, Alaska this 1st day of May 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on May 1, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Retta-Rae Randall, Esq.

/s/ Michael D. Dieni

**PRELIMINARY INSTRUCTION NO. A**

The defendant is on trial because a grand jury indicted her on the charges contained in the indictment. The mere fact that someone has been indicted by a grand jury may not be considered by you as any evidence that this person is guilty and I will now explain to you why this is so.

The hearing before a grand jury is very different than a trial. In the first place, there is no judge in the grand jury room to rule on evidence and to rule on whether the questions asked of witnesses by the prosecutor are proper questions.

Second, hearsay may be testified to by grand jury witnesses which a judge would never permit to be heard by a trial jury.

Third, neither the defendant nor his lawyer are allowed to be in the grand jury room during grand jury proceedings. Only the prosecutor, witnesses, and grand jurors are present.

Fourth, only the prosecutor can call witnesses before the grand jury. The defendant has no right to call any witness who might testify to a different version of the facts than that presented by the prosecutor. Moreover, the prosecutor is under no obligation to ask his witnesses questions which might provide facts showing a defendant's innocence.

Fifth, as you will learn during this trial, it is my responsibility, as the trial judge, to instruct you on the law you must apply to the facts. In a grand jury hearing there is no judge to instruct the grand jury on the law and the only information the jurors might receive would be the comments from the prosecutor.

And finally, a defendant cannot ask a judge to dismiss an indictment because the evidence before the grand jury was not sufficient to indict. In this connection, you should also know that the prosecution's burden of proof before a grand jury is much lower than beyond a reasonable doubt and that for this reason grand juries frequently indict persons who are found to be not guilty by trial juries.

For all these reasons, it would be a violation of your oath as jurors to place any weight whatsoever on the fact that a grand jury indicted the defendant in this case.

**INSTRUCTION NO. B**

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting

either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.

**Authority:** § 12.01 O'Malley, Grenig, & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (2000)

**INSTRUCTION NO. C**

The defendant is charged in Count 1 of the indictment with embezzlement, stealing, or conversion of blank postal money orders in violation of Section 500 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between September 2003 and December 2003,

Second, the defendant embezzled, stole, or converted for her own use, or the use of others, blank money orders;

Third, the blank money orders were provided by and under the authority of the United States Postal Service;

Fourth, the defendant did so with the intention of depriving the Postal Service the use or benefit of the blank postal money orders.