Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>HOLLY MATSON,<br><br>                Defendant. | Case No. 3:05-cr-100-RRB-JDR<br><br>DEFENDANT'S MEMORANDUM<br>IN SUPPORT OF PROPOSED<br>ELEMENTS JURY INSTRUCTION |

*Introduction*

Defendant, Holly Matson, by and through counsel Michael Dieni, Assistant Federal Defender, submits the following memorandum in support of her proposed intent element jury instruction. The law on the subject is clear. For a crime to have occurred, the government must prove criminal intent. The "intent to deprive" language set forth in the defendant's proposed instruction is lifted from the Ninth Circuit Instruction for theft of government property.

*The Charge*

The indictment in the present case, verbatim, alleges:

Between September 2003 and December 2003, in the District of Alaska, the defendant, HOLLY MATSON, while employed by the United States Postal Service as Contract Clerk at Port Heiden Contract Post office in Port Heiden, Alaska, did embezzle, steal, and knowingly convert to her own use and to the use of another blank money order forms, which blank money order forms had been provided by and under the authority of the United States Postal Service.

The language of this charge is based upon and derived from the sixth paragraph of 18 U.S.C. § 500. The operative *actus reus* of the offense is "embezzle, steal, and knowingly convert to her own use and the use of another." There is no model Ninth Circuit Instruction for 18 U.S.C. § 500; however, nearly identical language can be found in 18 U.S.C. § 641, the basic statute for theft of government property.

An offense under 18 U.S.C. § 641 occurs if the defendant:

. . . embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value . . . .

The Ninth Circuit, following the lead of the United States Supreme Court, mandates that "criminal intent" as an element of the offense be inserted into the statutory language. The elements of 18 U.S.C. § 641 in the Ninth Circuit Model instructions are:

First, the defendant knowingly stole [money] [property of value] *with the intention of depriving the owner of the use or benefit of the [money] [property]*;

Second, the [money] [property] belonged to the United States; and

Third, the value of the [money] [property] was more than $1,000.

(Emphasis added.)

The only real difference between the charged offense under 18 U.S.C. § 500 and 18 U.S.C. § 641 is that the subject of the theft is blank money order forms and there is no obligation to prove a minimum dollar value. These difference do not change the government's obligation to prove criminal intent. In *Morrisette v. United States*, 342 U.S. 246, 72 S. Ct. 240 (1952), the Supreme Court held that criminal intent is an essential element of the crime of knowing conversion of government property. In *Morrisette*, the Court concluded that "knowing conversion," though prescribed by statute, was deemed insufficient to state the basis for a criminal act. The court concluded that more was necessary to establish wrongfulness, and proposed that there must be an intent to "wrongfully deprive" the government of property.

Therefore, to put this law in effect, Ms. Matson has proposed a set of elements that sets forth with specificity the criminal intent obligation in a fourth element:

First, between September 2003 and December 2003;

Second, the defendant embezzled, stole, or converted for her own use, or the use of others, blank money orders;

Third, the blank money orders were provided by and under the authority of the United States Postal Service;

*Fourth, the defendant did so with the intention of depriving the Postal Service the use or benefit of the blank postal money orders.*

This language emphasized in italics above is tailored after the "intent to deprive" phrase from the first element of the model instruction for 18 U.S.C.§ 641. It is the law. It is the language used by the appellate courts to articulate the "criminal intent" requirement.

As a final note, in hindsight, the instruction proposed by Ms. Matson should reverse the third and the fourth elements. The corrected version, therefore, should read:

First, between September 2003 and December 2003;

Second, the defendant embezzled, stole, or converted for her own use, or the use of others, blank money orders;

Third, the defendant did so with the intention of depriving the Postal Service the use or benefit of the blank postal money orders.;

Fourth, the blank money orders were provided by and under the authority of the United States Postal Service.

A corrected version is attached.

DATED this 5th day of May, 2006.

    Respectfully submitted,

    FEDERAL PUBLIC DEFENDER
    FOR THE DISTRICT OF ALASKA

    /s/ Michael D. Dieni
    Assistant Federal Defender
    Alaska Bar No. 8606034
    601 West 5th Avenue, Suite 800
    Anchorage, AK  99501
    Ph:  (907) 646-3400
    Fax:  (907) 646-3480
    mike_dieni@fd.org

Certification:

I certify that on May 5, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Retta-Rae Randall, Esq.

/s/ Michael D. Dieni

## INSTRUCTION NO. C

The defendant is charged in Count 1 of the indictment with embezzlement, stealing, or conversion of blank postal money orders in violation of Section 500 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between September 2003 and December 2003;

Second, the defendant embezzled, stole, or converted for her own use, or the use of others, blank money orders;

Third, the defendant did so with the intention of depriving the Postal Service the use or benefit of the blank postal money orders;

Fourth, the blank money orders were provided by and under the authority of the United States Postal Service.