DEBORAH M. SMITH
Acting United States Attorney

THOMAS C. BRADLEY
RETTA-RAE RANDALL
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
thomas.bradley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-00100-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING** |
| HOLLY MATSON, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    The United States submits its sentencing memorandum in this case.  The government agrees with the final calculation of the guideline range and asks for a sentence of imprisonment of 24 months, three years of supervised release, and restitution in the amount of $71,990.99 to the U.S. Postal Service.

A midrange guideline sentence is appropriate in this case. There are no reasons to depart either upward or downward. For the reasons discussed below, this defendant deserves two years of imprisonment.

The Court must consider a number of factors in imposing sentence. Title 18, United States Code, Section 3553(a).

First, the nature and circumstances of the offense, as well as the characteristics of the defendant must be considered. This was a serious, long-term crime that required this defendant to make the decision to lie, cheat, and steal many, many times. While she may have started out like most embezzlers, hoping to be able to pay the money back someday, she must have realized very quickly that she never would. As the stack of unpaid vouchers grew, she continued to deceive her employer. Even when caught, she made excuses, told lies, and blamed unknown others who must be responsible. The lies continued through the trial testimony, where she denied any wrongdoing.

The defendant has no criminal history. However, this was a long term crime, not a one time aberration. She was also in a position of trust, provided by the United States, and was in many respects the only representative of the government in Port Haiden. She betrayed the public trust time and time again. She did not live an

extravagant lifestyle. It appears that she used the money she stole to simply get by and pay the bills, especially after her husband became disabled. The bankruptcy filing a few months after she was caught is strong evidence that she could not make it financially without the government contract and the supplemental, stolen money order funds.

Second, the Court must consider promoting respect for the law, with a sentence that both reflects the seriousness of what the defendant did and provides a just punishment. As the only representative of the United States in her village, the defendant served as a symbol of the government. She was hundreds of miles from any oversight. She took full advantage of the isolation to steal tens of thousands of dollars. She also continues to deny responsibility. As such, what happens to her will serve as an example to the Port Haiden community. A stiff prison term will promote respect for the law.

Next, the Court must consider deterrence. This includes specific deterrence of this defendant, as well as general deterrence within the community and nation. In Alaska there are many small contract post offices, and many other small post offices where a contractor or postmaster serves beyond the oversight that an employee in Anchorage would receive. A two year prison term would serve as a strong deterrent

to those who would abuse the public trust, whereas a sentence involving little or no prison time might actually encourage more such crimes. Deterrence of this defendant is probably not needed, as she no longer holds her government contract.

The Court also needs to protect society against further crimes by this defendant. This may not be a problem, as she no longer works for the post office. However, she is employed in a position of trust at the store in Port Haiden, and may be tempted to engineer a similar scheme there if her financial circumstances worsen.

Finally, the Court must consider rehabilitation. In this case, the defendant appears to have been able to work in clerical jobs for many years. She does not appear to need much in the way of job training. However, she might be able to take advantage of counseling programs or receive other help that would allow her to accept responsibility.

RESPECTFULLY SUBMITTED this 13th day of July, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Thomas C. Bradley
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: thomas.bradley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2006, a copy of the foregoing Government's Sentencing Memorandum was served electronically on Michael Dieni.

s/ Thomas C. Bradley_____