Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>HOLLY MATSON,<br><br>                     Defendant. | Case No. 3:05-cr-100-RRB-JDR<br><br>MOTION FOR BAIL PENDING APPEAL, *Filed on Shortened Time* |

       Defendant, Holly Matson, by and through counsel Michael Dieni, Assistant Federal Defender, hereby moves this court for release pending appeal.

       This request is supported by 18 U.S.C. § 3143, as interpreted by the Ninth Circuit in *United States v. Handy*, 761 F.2d 1278 (9th Cir. 1985). In essence, a person in Ms. Matson's position is entitled to release pending appeal if the following factors exist:

       1.       The person is not likely to flee or pose a danger to the safety of other persons or the community;

       2.       The appeal is not for purpose of delay;

       3.       The appeal raises a substantial question of law or fact; and

        4.    If the appeal is successful, it is likely to result in an order for a new trial.

*United States v. Handy*, 761 F.2d at 1280-81.

The primary teaching of the *Handy* case is that it is not for the trial court to determine whether there is a *likelihood* of success on appeal. Rather, the question is whether Ms. Matson raises a substantial question for a decision that, if successful on appeal, would result in a new trial.

    I.    Argument

        a.    *Ms. Matson's release presents neither danger nor flight risk*

Ms. Matson poses no risk of flight and no danger to the community. She has been a very stable member of the very small community of Port Heiden, Alaska, most of her life and she has lived in Alaska all of her life. She has been out on bail on this charge without any restrictions for nine months. Ms. Matson has no criminal history apart from this case, which is now more than two years old. She has had steady employment since the mid 1980s, and during the pendency of this case, and she will have employment available if she is released to return to Port Heiden.

        b.    *There are at least two substantial issues for appeal*

The chief questions that will be presented on appeal concern Ms. Matson's motion for judgment of acquittal and jury instructions.

First, Ms. Matson will argue that the charging statute is inapplicable to the facts of her case, and that no evidence supported the charge alleged. The indictment was based upon 18 U.S.C. § 500, which contains several subparagraphs. The government

indicted Ms. Matson under a specific sub-paragraph that makes it a crime for a person to "embezzle, steal, or knowingly convert to his own use or to the use of another . . . any blank money order form provided by or under authority of the post office department or postal service."

A review of the legislative history behind this particular clause in 18 U.S.C. § 500 shows that the purpose behind the addition of this clause, which was added to the Code in 1972, was to prevent the "illicit trafficking in blank postal money orders." S. Rep. 92-1074, pp. 3356-57. In support of this new clause, commentary in the Senate described a purpose behind the legislation includes "attempting to block traffic by professional criminals in blank money orders in post office burglaries." *Id.*

On appeal, therefore, Ms. Matson will argue that the evidence presented to the jury in this case demonstrated nothing like theft or embezzlement of blank money orders. As the court may recall, it appeared that all of the money orders were issued out of the Port Heiden post office. All of the receipts from the money orders that were issued from Port Heiden were found in order in the post office itself when the postal inspector first arrived on December 30, 2003, to conduct the audit. No evidence was submitted at any point during the proceedings that blank money orders had been sold outside the Port Heiden office. Thus, on appeal, Ms. Matson will argue no blank money orders were stolen.

In conclusion, the problem presented by the facts of this case was missing money – not missing blank money orders.

Second, on appeal, Ms. Matson will argue that she was prejudiced by the jury instruction that allowed the jury to reach beyond the dates alleged in the indictment for evidence in support of a conviction. The final jury instructions allowed for conviction for

money order activity outside of the September through December time frame that had been alleged in the indictment. Ms. Matson will argue on appeal that she was surprised by this and by extending the period of time outside of the charged time frame, a jury could speculate that the missing money related to the theft of blank money orders that had been negotiated outside of the known evidence.

## II.    Conclusion

Ms. Matson does not seek bail pending appeal for delay. Legitimate questions of law that could have the effect of categorically excluding Ms. Matson from a finding of guilt on the charge will need to be fleshed out on appeal. She is entitled to be released pending the outcome of her appeal.

DATED this 1st day of August, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on August 1, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Tom Bradley, Esq.

/s/ Michael D. Dieni